IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LORENA DEL ANDRE, | ) | Civil No. 23-00191 DKW-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PETITION FOR 406(b) FEES |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION
TO GRANT PETITION FOR 406(b) FEES

On September 30, 2025, counsel for Plaintiff Lorena Del Andre ("Plaintiff") filed a Petition for 406(b) Fees ("Petition").  ECF No. 33.  On October 1, 2025, Defendant Frank J. Bisignano, Commissioner of Social Security Administration ("Defendant"), filed a Response to the Petition.  ECF No. 34.  Therein, Defendant states that he "neither supports nor opposes" the Petition.  *Id.* at 1–2.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully reviewing the filings and record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT the Petition.

BACKGROUND

This matter concerns Plaintiff's appeal of Defendant's denial of social security disability insurance benefits to Plaintiff.  On April 26, 2023, Plaintiff filed a Complaint for Review of Social Security Disability Benefits Determination.  ECF No. 1.  On February 1, 2024, Plaintiff filed an Opening Brief.  ECF No. 23.  On February 29, 2024, Defendant filed an Answering Brief.  ECF No. 24.  On April 10, 2024, Plaintiff filed a Reply Brief.  ECF No. 27.  The district court elected to decide the matter without a hearing.  ECF No. 28 at 1 n.2.  On June 10, 2024, the district court issued an Order Vacating Decision of Commissioner of Social Security and Remanding for Further Administrative Proceedings ("06/10/2024 Order").  ECF No. 28.  That same day, the Clerk of Court entered judgment pursuant to the 06/10/2024 Order.  ECF No. 29.

On August 13, 2024, the parties stipulated, with the approval of the district court, for Plaintiff, through her counsel, to receive an award of attorneys' fees for $10,397.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. 32.

On January 22, 2025, a second administrative hearing was held.  ECF No. 33 at 3.  Plaintiff subsequently received a favorable decision granting her application for Social Security disability insurance benefits in full.  *Id.* (citing ECF No. 33-3).

Pursuant to the terms of her retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to 25% of her past-due benefits if her Social Security appeal was successful. ECF No. 33-4. In September 2025, Plaintiff's counsel received a Notice of Award for Plaintiff from the Social Security Administration ("SSA"). ECF No. 33-3. The Notice of Award provides that Plaintiff's past-due benefits total $139,931.00. *Id.* at 3. The Notice of Award also indicates that the SSA has withheld 25% of the past-due benefits, $34,982.75, for purposes of paying attorneys' fees. *Id.* at 4.

On September 30, 2025, Plaintiff's counsel filed the Petition, requesting $34,982.75 in attorneys' fees pursuant to 42 U.S.C. § 406(b). ECF No. 33. Plaintiff's counsel states that she "will reimburse Plaintiff the entire . . . EAJA award upon receipt of the 406B [sic] fees." ECF No. 33-1 at 3 ¶ 14.[1]

## DISCUSSION

Pursuant to § 406(b), the court may award reasonable attorneys' fees to a successful claimant's counsel up to 25% of the claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and § 406(b) fees combined. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and § 406(b), "but the

---

[1] Counsel states that the EAJA award totaled $8,244.00. ECF No. 33-1 at 3 ¶¶ 8, 14. This amount appears to be a typographical error, however, in light of the $10,397.00 award provided for in the stipulation in ECF No. 32.

3

claimant's attorney must refund to the claimant the amount of the smaller fee" (alterations and citations omitted)).

The attorneys' fees awarded under § 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating that the requested fees are reasonable. *Id.* at 807. If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness assessment. *See id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08 (citations omitted).

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case[,]" . . . [such that] the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1148, 1151 (quoting and citing *Gisbrecht*, 535 U.S. at 806, 808).

4

The Court has carefully reviewed the Petition and the record in this case, and finds that Plaintiff's counsel has met her burden in demonstrating that the requested fees are reasonable. Plaintiff entered into a contingency fee agreement with her counsel. ECF No. 33 at 6 (citing ECF No. 33-4); ECF No. 33-1 at 1–2 ¶ 2; ECF No. 33-2 at 1–2 ¶ 2. Pursuant to the fee agreement, Plaintiff agreed to pay counsel 25% of her past-due benefits if counsel successfully represented him on appeal and owed no fees if the appeal was unsuccessful. ECF No. 33-4. Counsel's request for $34,982.75 is consistent with the fee agreement and within the statutory maximum of 25% of the past-due benefits awarded to Plaintiff. 42 U.S.C. § 406(b)(1)(A).

Plaintiff's counsel provided quality representation and obtained a successful result in this court, which resulted in Plaintiff receiving significant past-due benefits. *See* ECF No. 33 at 7. In addition, Plaintiff is now entitled to "retro-active hospital insurance under Medicare, the value of which is not accounted for in the retro-active award." *Id.* The Court thus finds no reason to reduce fees for substandard performance. In addition, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees award for dilatory conduct.

Moreover, the Court finds that reduction is not necessary to prevent counsel from receiving a windfall. In her declaration in support of the Petition, Plaintiff's counsel indicates that she spent 44 hours litigating this case in federal court. ECF

No. 33-1 at 3 ¶ 11.  An award of $34,982.75 for 44 hours of work would yield an effective hourly rate of $795.06.  Many district courts in the Ninth Circuit have approved awards pursuant to § 406(b) with even higher effective hourly rates.  *See, e.g.*, *Kelly Kay M. v. O'Malley*, Case No.: 22-cv-01969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (highlighting approval of awards with hourly rates of $2,000, $1,900, $1,863.01, and $1,612); *Brazile v. Comm'r of Soc. Sec.*, CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases).

"[A] comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants." *Martinez v. Comm'r of Soc. Sec.*, CASE NO. 1:21-cv-00431-GSA, 2024 WL 3202438, at *2 (E.D. Cal. June 26, 2024) (citing *Crawford*, 586 F.3d at 1148).  In addition, "[g]iving effect to the parties' negotiated fee agreement . . . ensures [counsel's] willingness to undertake those risks again in future cases." *Kelly Kay*, 2024 WL 4536462, at *4 (citing *Crawford*, 586 F.3d at 1152) (other citation omitted).

Here, Plaintiff's counsel assumed a substantial risk in representing Plaintiff on a contingency-fee basis.  Plaintiff filed her application for disability insurance benefits in February 2021.  ECF No. 1 at 1 ¶ 1.  Plaintiff's counsel filed this lawsuit in April 2023.  ECF No. 1.  Plaintiff's counsel represented Plaintiff during

multiple levels of appeals and two administrative hearings. Despite this work, Plaintiff's counsel has not been paid for over four years.

Plaintiff's counsel graduated from Northeastern University School of Law and has been an attorney in good standing since November 2011. ECF No. 33-1 at 2 ¶ 7. The Court has a favorable view of Plaintiff's counsel and her work, and this case was no exception. Plaintiff's counsel is among the few attorneys in this district who routinely represent social security disability insurance claimants in federal court. The Court recognizes the value and importance of this work and does not wish to discourage counsel from assuming the risks to represent claimants in federal court. Based on the foregoing, the Court finds that no downward adjustment in the requested attorneys' fees is necessary in this case.

## CONCLUSION

Based on the foregoing, the Court FINDS that Plaintiff's counsel's request for attorneys' fees is reasonable. The Court thus RECOMMENDS that the district court GRANT the Petition and award Plaintiff's counsel $34,982.75 in attorneys' fees in accordance with 42 U.S.C. § 406(b). The Court also RECOMMENDS that the district court DIRECT Plaintiff's counsel to refund Plaintiff the $10,397.00 in fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 412(d), upon receipt of the § 406(b) fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 7, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Del Andre v. Bisignano*, Civil No. 23-00191 DKW-KJM; Findings and Recommendation to Grant Petition for 406(b) Fees